IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| JOHN DOE, ) | | |
|     Plaintiff, ) | Civil Action No. 5:21cv00073 | |
| ) | | |
| v. ) | **ORDER** | |
| ) | | |
| SHENANDOAH UNIVERSITY, ) | By: | Joel C. Hoppe |
|     Defendants. ) | | United States Magistrate Judge |

In this action, Plaintiff John Doe asserts claims for discrimination and defamation against Defendant Shenandoah University ("SU"). *See generally* Compl., ECF No. 1-2. Doe, an African American of Nigerian descent, *id.* ¶ 7, alleges that while he was enrolled as a student in SU's Physician's Assistant program (the "Program"), he was diagnosed with Social Anxiety Disorder ("SAD") and requested that SU provide him with reasonable accommodations. *Id.* ¶¶ 13, 17, 24. Although SU provided such accommodations, *id.* ¶ 24, Doe was soon informed that SU's Promotions and Retentions Committee ("PRC") had voted for his dismissal from the Program purportedly because of his poor academic performance, *id.* ¶¶ 27–29. This was only the beginning of a series of attempts to oust Doe from the Program that eventually resulted in Doe's dismissal. *See id.* ¶¶ 34, 46, 55–56, 64, 70, 80–82, 90. Doe alleges that his dismissal resulted not from any deficiencies in his performance in the Program, but rather was "the predetermined outcome of a continuing pattern of discriminatory treatment and a hostile learning environment against Doe due to his race and disability." *Id.* ¶ 102; *see also id. id.* ¶¶ 36–40, 49–52, 77–79. Doe further claims that SU's employees published various defamatory statements causing harm to his professional reputation, *id.* ¶ 83–93.

Before the Court is a joint letter detailing the parties' discovery dispute. ECF No. 31. The Court held a discovery hearing with the parties on July 8, 2022. ECF No. 33. At the hearing, the

parties jointly requested that discovery be temporarily stayed to facilitate potential settlement. Accordingly, it is hereby **ORDERED** that all discovery in this case is **STAYED** for fourteen (14) days from the date of the hearing. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

Turning to the discovery dispute, the first issue concerns two interrogatories Doe served on SU instructing SU to state all "material facts" supporting its affirmative defenses that Doe failed to state a prima facie case for race or disability discrimination.[1] *See* Answer, ECF No. 7, at 15. Defendant objects to these requests, asserting that they seek information on legal theory protected by the work-product doctrine. Rule 26(b)(1) of the Federal Rules of Civil Procedure, however, "specifically contemplates a party's ability to retain discovery regarding information relevant to any party's 'claim or defense,' which would include affirmative defenses raised by a defendant in its answer." *Barnett v. Magellan Health, Inc.*, No. 17-133-RLB, 2018 WL 2470727, at *3 (M.D. La. June 1, 2018) (quoting Fed. R. Civ. P. 26(b)(1)). Here, Doe's requests seek "material facts" that support SU's affirmative defenses, not counsel's legal impressions. The interrogatories seek non-privileged information relevant to the defenses asserted in this case. *See id.* at *3-4. Accordingly, SU is hereby **ORDERED** to respond to Interrogatories 4 and 5, *see* ECF No. 31, at 5–6, within twenty-one (21) days from the date discovery is set to resume in this action. Fed. R. Civ. P. 26(b)(1).

The next set of discovery requests involve several interrogatories and requests for production of documents seeking information about other students in the Program.[2] Through

---

[1] The specific requests at issue are Interrogatories Nos. 4–5 of Plaintiff's First Set of Interrogatories, ECF No. 31, at 5–6.

[2] The specific requests at issue are the following Interrogatories and Requests for Production from Plaintiff's First Set of Interrogatories and Plaintiff's First Set of Requests for Production: (1) Interrogatory 10 and corresponding Request for Production 23, seeking information about other students the PRC voted to dismiss for each academic year from 2017 to the present, ECF No. 31, at 8, 17; (2) Interrogatory 12 and corresponding Request for Production 25, seeking information about other students who failed the Summative Objective Structured Clinical Exam three times from academic years 2017

2

these interrogatories and document requests, Doe seeks to obtain information to compare his treatment to that of other PA students at SU. That sort of information is often highly relevant for claims of discrimination. *See Kelly v. FedEx Ground Package Sys., Inc.*, No. 3:10cv1265, 2011 WL 1584764, at *6 (S.D. W.Va. April 26, 2011). Comparator information must be tailored to encompass information about students similarly situated to Doe. *See id.* Additionally, the privacy of non-party students must be protected. With these principles in mind, and as discussed during the hearing, the Court finds that Interrogatories 10, 12, and 13 seek relevant information, but Interrogatory 10 must be modified to cover information for the academic years of 2017 through 2021 when Doe attended SU. Furthermore, to protect the non-party students' privacy, SU shall use identifiers other than the students' names in responding to the interrogatories. With these modifications, SU is hereby **ORDERED** to provide responses to Interrogatories, 10, 12 and 13, ECF No. 31, at 8–10, within twenty-one (21) days from the date discovery is set to resume in this action. At this time, SU need not respond to Doe's requests for production of documents 23, 25, and 26, which correspond to Interrogatories 10, 12, and 13. After reviewing SU's interrogatory responses, Doe may renew these document requests, limiting the number of non-party students whose documents may need to be produced. The parties shall then promptly confer to begin the notification process required by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g ("FERPA") and 34 C.F.R. § 99.3.

      Lastly, the parties jointly requested a modification of the deadlines to make Rule 26(b)(2) disclosures. Currently, Doe's Rule 26(b)(2) disclosures are due by August 15, 2022, and SU's Rule 26(b)(2) disclosures are due by September 9, 2022. Finding good cause, the Rule 26(b)(2)

---

through the present, *id.* at 9, 17; and (3) Interrogatory 13 and corresponding Request for Production 26, seeking information on the race and disability status of students in the Program's classes for the years of 2018 through 2021, *id.* at 9–10, 17.

disclosures deadlines are hereby **AMENDED** as follows: (1) Doe shall submit his Rule 26(b)(2) disclosures on or before September 12, 2022; (2) Defendant shall submit its Rule 26(b)(2) disclosures on or before September 30, 2022. To the extent not amended or modified by this Order, the Court's Scheduling Order of January 25, 2022, ECF No. 17, shall remain in full force and effect.

It is **SO ORDERED**.

The clerk shall deliver a copy of this Order to the parties.

ENTER: July 12, 2022

Joel C. Hoppe
United States Magistrate Judge